## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM KING, individually and on behalf of all similarly situated individuals,** | * * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **Case No.: 07-674** |
| | * | |
| **NCO FINANCIAL SYSTEMS, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

### COMPLAINT

COMES NOW the Plaintiff, William King, (hereafter the "Plaintiff") by counsel, and for his complaint against the above-named Defendant, alleges as follows:

### JURISDICTION AND VENUE

The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PRELIMINARY STATEMENT

This is an action for actual, statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to enjoin Defendant's conduct and recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint include the attempted collection of amounts not expressly authorized by any agreement or otherwise permitted by law and the communication with consumers in an attempt to collect a debt without providing the requisite notice of the consumer's right to dispute the debt.

### PARTIES

1.      The Plaintiff is a natural person and resident of Mobile County, Alabama. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.      Defendant NCO Financial Systems, Inc. ("NCO"), is a corporation which is, upon

information and belief, incorporated under the laws of the State of Pennsylvania and has its principal place of business in the State of Pennsylvania. For all relevant times, NCO was engaged in business within the State of Alabama, including the collection of debts. NCO is regularly engaged in the practice of debt collection.

<u>FACTS</u>

3.     On or about June 9, 2007, Defendant sent Plaintiff a collection letter demanding payment for an unspecified debt and unspecified account. The only information given identifying the alleged debt was the single word "ebay." No account number or other information identifying the account or debt was given.

4.     Plaintiff is not aware of any debt owed to "Ebay." Plaintiff has no account with that designation and there is no contractual or legal basis for an attempt to collect on such an account against Plaintiff.

5.     Nowhere on NCO's June 9, 2007 collection was there any statement that Plaintiff had the right to dispute the debt or the right to request verification of the debt.

6.     The June 9, 2007 collection letter was the initial contact with Plaintiff. Plaintiff received no further communication from NCO.

<b>COUNT ONE</b><br><b>(Fair Debt Collections Practices Act Violations)</b>

7.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

8.     This is a claim asserted against NCO for multiple violations of the FDCPA.

9.     Defendant NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10.     Defendant has violated the FDCPA in connection with its attempts to collect the alleged "Ebay" account against Plaintiff. Defendant's violations include, but are not limited to, the following:

        a.     Communication with a consumer in an attempt to collect a debt without notifying Plaintiff of the right to dispute the validity of the debt and the right

2

to request written verification of the debt.  This is a violation of 15 U.S.C. § 1692g(a); and

b.      Attempting to collect amounts which are not authorized by any contract or permitted by law.  This is a violation of 15 U.S.C. § 1692f(1).

11.     All of the actions taken by NCO in violation of the FDCPA occurred within one year of the filing prior to this action.

12.     As a result of its violations of the FDCPA, NCO is liable to Plaintiff for declaratory judgment that NCO violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant NCO for the following:

A.      Statutory damages pursuant to 15 U.S.C. 1692k;

B.      Actual damages;

C.      Declaratory judgment that Defendant's conduct violated the FDCPA;

D.      Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

E.      Such other and further relief as this Court deems just and proper, the premises considered.

**COUNT TWO**
**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

13.     Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

14.     Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

15. Plaintiff brings this action on behalf of himself and all members of the class composed of persons who have been were subjected to collection activity by NCO that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

16. Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of all of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class.

17. Each class member has, or has been subjected to collection activity in violation of the FDCPA.

18. Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendant(s)' business records.

19. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

      a.    Whether the form collection letter sent to Plaintiff and members of the class violated the FDCPA by failing to include statements regarding the right to dispute the debt and request verification of the debt;

      b.    Whether the attempted collection of vaguely identified accounts and debts, such as the "Ebay" account referenced in the letter sent to Plaintiff violate the FDCPA's prohibition on the collection of debt not expressly authorized by law or agreement; and

      c.    What is the appropriate remedy for NCO's violation of the FDCPA

20. Proof of common facts and legal doctrines by the representative plaintiff borrower will determine the claims of each member of the class.

21. This class action proceeding will provide a practical basis for the determination of all

interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

22.     The named representative's claims are typical and representative of the class and sub-class claims.

23.     It is and was the practice of NCO to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k.

**COUNT THREE**
**DECLARATORY JUDGMENT**

24.     Plaintiff realleges and adopts by reference all of the foregoing relevant paragraphs in this complaint.

25.     Plaintiff and the members of the class bring this action in this count pursuant to Rule 57 of the Federal Rules of Civil Procedure in that an actual controversy exists between the parties concerning their rights under the FDCPA.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated pray as follows:

  a.     That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

  b.     That this court award Plaintiff and the members of the class statutory damages for all losses incurred by them.

  c.     That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

  d.     That this court issues a temporary and permanent injunction restraining the

5

defendant, their agents or employees from their practices alleged until further order of Court.

e.   That this court determines the rights of the parties and directs NCO to cease illegal collection activity.

f.   That this court enjoin defendants from destroying or altering books or records concerning or in any way relating to the practices as stated above.

g.   For such other and further relief as this court deems just and equitable.

h.   That defendant be required to pay punitive damages in an amount to be determined, in addition to statutory damages.

**TRIAL BY JURY IS DEMANDED.**

EARL P. UNDERWOOD, JR.  (UNDEE6591)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama  36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626

KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile AL 36633
Telephone:  (251) 432-9212
Facsimile:  (251) 433-7172
Email:  kjr@alaconsumerlaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

6

NCO Financial Systems, Inc.
507 Prudential Road
Horsham, PA 19044